1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE JAMES,

                              Plaintiff,

          v.

PUGET SOUND COLLECTIONS, and
STATE COLLECTION SERVICE, INC.,

                              Defendants.

CASE NO. 22-5237 RJB

ORDER DENYING MOTION TO
STRIKE

This matter comes before the Court on the Plaintiff's "Motion to Strike the Affirmative

Defenses in Puget Sound Collections" (Dkt. 21).  The Court has considered the pleadings filed

regarding the motion and the remaining file.

The Plaintiff, *pro se,* filed this case on April 6, 2022 asserting claims under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et. seq*., ("FDCPA"), after he alleges that he was

"assigned 100 percent of these claims by Helen Woodke."  Dkt. 1.  On May 19, 2022, Puget

Sound Collections ("PSC") filed an Answer and Affirmative Defenses.  Dkt. 14.  On May 26,

2022, the Plaintiff filed his motion to strike PSC's affirmative defenses, contending that the

defenses are "insufficiently pled, frivolous, vague, conclusory and without factual basis."  Dkt.

21.  On June 3, 2022, PSC filed an Amended Answer and Affirmative Defenses.  Dkt. 25.  In

that Amended Answer, PCS asserts the following affirmative defenses:

> 32. Plaintiff fails to state factual matter sufficient to constitute a claim against PSC that is plausible on its face. Among other things, plaintiff did not suffer any harm, and PSC's alleged conduct does not violate the FDCPA.
>
> 33. Plaintiff lacks standing because plaintiff did not suffer any concrete harm. Any concrete harm suffered (which PSC denies) would have been suffered by non-party Helen Woodke.
>
> 34. Plaintiff is not the real party in interest; non-party Helen Woodke is.
>
> 35. The alleged assignment of claims to plaintiff was void and ineffective. *See Kommavongsa v. Haskell*, 149 Wn. 2d 288 (2003).
>
> 36. The alleged misrepresentations and/or misconduct (if any) are not material and, therefore, are not actionable under the FDCPA. *See Donahue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).
>
> 37. Any alleged violation of the FDCPA was technical, non-material and/or de minimis in nature and, therefore, does not support a finding of liability or an award of damages or attorney's fees.
>
> 38. To the extent plaintiff is able to prove a violation of the FDCPA, any such violation was unintentional, and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Based on PSC's present understanding of plaintiff's allegations, those procedures include (but are not limited to) reporting accurate information to consumer reporting agencies and obtaining and relying on information from PSC's creditors.
>
> 39. Any violation and/or damages resulted from the fault of plaintiff or of others (including non-party Helen Woodke and/or consumer reporting agencies) for whom PSC is not responsible or liable.
>
> 40. Any damages were aggravated by plaintiff's own failure to use reasonable diligence to mitigate such damages and, thus, plaintiff is barred from recovering any damages from PSC..

Dkt. 25.

   **Motions to Strike**.  Fed. R. Civ. P. 12(f) permits the court to "strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The

function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

1  from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc.*

2  *v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984

3  F.2d 1524, 1527 (9th Cir. 1993)).  "The key to determining the sufficiency of pleading an

4  affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak v. City Nat.*

5  *Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see Kohler v. Flava Enter., Inc.*, 779 F.3d 1016, 1019

6  (9th Cir. 2015).

7          The Plaintiff's motion to strike (Dkt. 21) should be denied.  The Plaintiff has failed to

8  show that, as amended, PSC's affirmative defenses are "insufficient," "redundant, immaterial,

9  impertinent or scandalous."  Rule 12(f).  PSC has given the Plaintiff fair notice of the defenses

10  that will be asserted.  *Wyshak* at 827.

11          Moreover, as stated in a prior order denying the Plaintiff's motion to strike the

12  affirmative defenses of Defendant State Collection Service, Inc., the Plaintiff fails to point to

13  binding authority that the plausibility standard announced in *Bell Atlantic Corp. v. Twombly* 550

14  U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) applies to affirmative defenses in the

15  Ninth Circuit.  Even assuming that it does, PSC alleges sufficient facts which plausibly support

16  the affirmative defenses it asserts.  Plaintiff's "Motion to Strike the Affirmative Defenses in

17  Puget Sound Collections" (Dkt. 21) should be **denied**.

18          **IT IS SO ORDERED.**

19          The Clerk is directed to send uncertified copies of this Order to all counsel of record and

20  to any party appearing pro se at said party's last known address.

21          Dated this 13th day of June, 2022.

22

23

24                                                ROBERT J. BRYAN
                                                  United States District Judge