1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE JAMES,

                          Plaintiff,

        v.

PUGET SOUND COLLECTIONS, and
STATE COLLECTION SERVICE, INC.,

                          Defendants.

CASE NO. 22-5237 RJB

ORDER GRANTING MOTION TO
DISMISS AND CLOSING CASE

This matter comes before the Court on State Collection Service, Inc.'s ("SCS") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Motion for Judgment on the Pleadings.  Dkt. 28. The Court has considered the pleadings filed regarding the motion and the remaining file.

## I.       FACTS AND PENDING MOTION

The Plaintiff, *pro se,* filed this case on April 6, 2022 asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, ("FDCPA"), after he alleges that he was "assigned 100 percent of these claims by Helen Woodke."  Dkt. 1.  The Plaintiff seeks actual damages and statutory damages under the FDCPA.  Dkt. 1 (*citing* 15 U.S.C. §§ 1692k (1) and (2)).

1    Attached to the Complaint is a document entitled "Assignment of Claim for Damages,"

2  and provides "[f]or value received, Helen Woodke, . . . hereby transfers 100% interest to Kyle

3  James . . . and its successors, assigns and personal representatives, any and all claims, demands

4  and causes of action . . . arising from . . . .the FDCPA . . ." Dkt. 1-2.

5    SCS now moves to dismiss the case under Fed. R. Civ. P. 12(b)(1) for lack of subject

6  matter jurisdiction. Dkt. 28.  SCS argues that the Plaintiff does not have standing to bring claims

7  on behalf of Ms. Woodke because he has not suffered an injury.  *Id.*  Further, it moves for a

8  judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that under Washington law, Ms.

9  Woodke's assignment to the Plaintiff is not valid.  *Id.*  Plaintiff responds and opposes the motion.

10  Dkt. 38.  SCS filed its reply (Dkt. 42) and the motion is ripe for decision.

## II.    DISCUSSION

### A.  MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

#### 1.   Standard on Motion to Dismiss and Standing Generally

14    A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual

15  allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

16  Constitution, laws, or treaties of the United States, or does not fall within one of the other

17  enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

18  controversy within the meaning of the Constitution; or (3) is not one described by any

19  jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  A federal court is presumed to

20  lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v. Guardian Life*

21  *Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d

22  1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the existence of

23  subject matter jurisdiction.  *Stock West*, at 1225.

24

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.  One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)(*internal quotation marks and citations omitted*).  "A plaintiff seeking to establish standing must show that: (1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *W. Watersheds Project v. Grimm*, 921 F.3d 1141, 1146 (9th Cir. 2019).

2. FDCPA and Assigned Claim – Injury in Fact?

The Plaintiff claims damages under §1692k (1) and (2) of the FDCPA.  Those provisions provide that:

> Any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable **to such person** in an amount equal to the sum of--
>
> > (1) any actual damage sustained by such person as a result of such failure;
> >
> > (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . .

15 U.S.C. § 1692k (*emphasis added*).  Generally, "[t]o state a claim under the FDCPA, a plaintiff must allege facts that establish that (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect a debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *See Gilliam v. Porter McGuire Kiakona & Chow, LLP*, 2021 WL 1681076, at *6 (D. Haw. Apr. 28, 2021)(*citing Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 581 (5th Cir. 2020)("To state an FDCPA claim, Plaintiffs must first allege that they have been the object of collection activity arising from 'debt.'")).

1    The Plaintiff does not allege that he was the "object of the collection activity." *Gilliam* at

2    6.  The Complaint lists various interactions between Ms. Woodke and the Defendants and

3    contends that they improperly reported Ms. Woodke's debt to the credit agencies.  Dkt. 1.  The

4    Complaint then alleges that the "publishing of such inaccurate and incomplete information has

5    severely damaged the personal and credit reputation of Plaintiff and caused severe humiliation,

6    emotional distress, mental anguish, and lower FICO scores."  *Id.*  Yet, the injuries complained of

7    in the Complaint are injuries to Ms. Woodke's mental health and her credit, not to Plaintiff Kyle

8    James or his credit.  The allegations in the Complaint are that Ms. Woodke was the "object" of

9    that activity.  "No matter what, relief under the FDCPA is available only to a person who

10   sustains damage through a debt collector's violation of the FDCPA 'with respect to' that very

11   person. When a debt collector violates the FDCPA with respect to someone else,

12   the FDCPA does not provide for claims by others."  *Gilliam* at 7.  The Plaintiff does not have

13   standing in this case because the Plaintiff was not the party that was injured.

14   The Plaintiff argues that he was assigned Ms. Woodke's claims and argues that "[a]n

15   assignee of a legal claim for money owed has standing to pursue that claim in federal court, even

16   when the assignee has promised to remit the proceeds of the litigation to the assignor."  Dkt. 38.

17   He maintains that he is the "real party in interest."  *Id.*  The Plaintiff points to *Sprint*

18   *Communications Co., L.P. v. APCC Services, Inc.,* 554 U.S. 269 (2008) and argues that

19   assignments of federal claims are valid and confer standing.

20   The Plaintiff's reliance on *Sprint Communications* is unavailing here.  *Sprint*

21   *Communications* involved claims brought by assignees under the federal Communications Act,

22   not the FDCPA.  *Id.*  The Plaintiff fails to show that the statutory language permitting recovery

23   for damages under the two statutes are the same or similar.  The FDCPA specifically provides

24

ORDER GRANTING MOTION TO DISMISS AND CLOSING CASE - 4

for recovery of damages with respect to "such person" that was a victim of a violation of the

FDCPA.  The Plaintiff fails to show that the federal Communications Act has similar restrictions.

Further, the validity of the assignment itself was not at issue in *Sprint Communications*.

*Id.*  SCS argues that Washington law applies to the validity of the assignment.  The Plaintiff does

not contest this.

Under Washington law, "[a] cause of action for the recovery of a penalty is not

assignable absent specific statutory authorization. A statutory cause of action allows for recovery

of a penalty when it imposes an obligation to pay an amount beyond compensation sufficient to

make the injured person whole."  *Demopolis v. Galvin*, 57 Wn. App. 47, 52, 786 P.2d 804, 808

(1990).  The FDCPA allows claims for recovery of up to $1,000 beyond a person's actual

damages.  Accordingly, it is a statute that "allows for a penalty."  The Plaintiff has failed to point

to "specific statutory authorization" in the FDCPA that would allow the assignment.  The

assignment here is not valid under Washington law.

The Plaintiff has failed to show that he has standing under the FDCPA or that the

assignment at issue here is valid as a matter of law.

**B.  MOTION FOR JUDGMENT ON THE PLEADINGS**

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed--but early enough not

to delay trial--a party may move for judgment on the pleadings."  "Analysis under Rule 12(c) is

substantially identical to analysis under Rule 12(b)(6)."  *Chavez v. United States*, 683 F.3d 1102,

1108 (9th Cir. 2012)(*internal quotations omitted*).  Fed. R. Civ. P. 12(b)(6) motions to dismiss

may be based on either the lack of a cognizable legal theory or the absence of sufficient facts

alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696,

699 (9th Cir. 1990).  Material allegations are taken as admitted and the pleadings are construed in

the non-moving party's favor.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *See Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).

SCS's motion for a judgment on the pleadings (Dkt. 28) should be granted.  In addition to not having standing, the Plaintiff has failed to demonstrate that Ms. Woodke's assignment of her FDCPA claims are valid under Washington law.  Accordingly, he has failed to state a claim upon which relief can be granted.

## C.  AMENDMENT

The Plaintiff should not be granted leave to amend his complaint.  While leave to amend a complaint should be freely given, the Court may deny leave when amendment would be futile. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  Amendment is futile if "no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim[.]"  *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).  No set of facts can be proven here that would "constitute a valid and sufficient claim" and entitle the Plaintiff to relief.  Leave to amend the Complaint should be denied.

## D.  CONCLUSION

The Plaintiff has failed to show that he has standing in this case.  Moreover, he has failed to state a claim upon which relief can be granted. Amendment of the Complaint would be futile. Although the other Defendant, Puget Sound Collections, did not expressly join in this motion, this decision applies with equal force to the claims made against it.

Accordingly, all claims in this case should be dismissed with prejudice.  All other pending motions including "Plaintiff's Motion to Strike the Affirmative Defenses in Puget Sound Collections," "Plaintiff's Motion to Strike the Affirmative Defenses in State Collection Service Inc.," and Plaintiff's "Motion to Compel Arbitration," (Dkt. 36, 37, and 39) and deadlines should be stricken as moot.  This case should be closed.

1    **IT IS SO ORDERED.**

2          The Clerk is directed to send uncertified copies of this Order to all counsel of record and

3    to any party appearing pro se at said party's last known address.

4          Dated this 30th day of June, 2022.

5

6

7          ROBERT J. BRYAN
           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24